**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOMINICK; and WESTWOOD RARE COIN GALLERY, INC.,<br><br>    Plaintiffs,<br>        v.<br>COLLECTORS UNIVERSE, INC.; CERTIFIED ASSET EXCHANGE INC.; aka CERTIFIED COIN EXCHANGE; DAVID HALL; CASSI EAST; MICHAEL BRANDOW; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No. 2:12-cv-04782-ODW(CWx)<br><br>**ORDER:**<br><br>(1) **DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION [42, 46]**<br><br>(2) **STRIKING DEFENDANTS' MOTION TO DISMISS [40]** |

The Court has received Plaintiffs' Ex Parte Applications to extend their deadline to oppose Defendants' motion to dismiss Plaintiffs' First Amended Complaint. (ECF Nos. 42, 46.) The Court **DENIES** this request. Instead, the Court hereby **STRIKES** Defendants' motion to dismiss (ECF No. 40) for failure to comply with either the letter or spirit of Local Rule 7-3. The Court accordingly extends Defendants' time to answer or otherwise respond to the Second Amended Complaint to **November 12, 2012**.

Local Rule 7-3's direction that the parties meet and confer to discuss the substance and potential resolution of an anticipated motion is not a mere suggestion to be cavalierly set aside by the parties when its dictates inconvenience them. At the

time Plaintiffs' counsel Elizabeth Del Cid informed Defendants' counsel Sam Muriella on October 12 that she would be out of the office from October 19 to November 2 and that her colleague Ted Peters would be out of the office from October 15 to November 2, Muriella was already in receipt of Plaintiffs Second Amended Complaint.  Rather than attempt to meet and confer with either Peters or Del Cid before they were out of the office and unable to discuss Defendants' anticipated motion to dismiss, Muriella waited until the last possible day to meet and confer under Local Rule 7-3, which also happened to be the first day on which *both* Peters and Del Cid were out of the office.  This effort strikes the Court as nothing less than a deliberate attempt to trample on the spirit of Local Rule 7-3.

If Defendants choose to do so, they may re-file their motion to dismiss on or before November 12, but *only after* meeting and conferring with Plaintiffs both *in person* and in good faith to thoroughly discuss the substance of the contemplated motion and its potential resolution without Court intervention.  This conference of counsel must take place in person at least 5 days prior to the date Defendants choose to file the motion.  Local R. 7-3.  If Defendants do choose to re-file their motion, the notice of motion must include a statement comprehensively recounting the parties' efforts to meet and confer, including specific details regarding why the parties were unable to resolve the matter amicably; conclusory statements that the parties were simply unable to agree will not suffice.

**IT IS SO ORDERED.**

October 30, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**