O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOMINICK and WESTWOOD RARE COIN GALLERY, INC., <br><br> Plaintiffs, <br> v. <br><br> COLLECTORS UNIVERSE, INC.; CERTIFIED ASSET EXCHANGE, INC. a/k/a CERTIFIED COIN EXCHANGE; DAVID HALL; CASSI EAST; and MICHAEL BRANDOW; and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:12-cv-04782-ODW(CWx) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [56] AND ORDER TO SHOW CAUSE RE: SANCTIONS** |

## I.  INTRODUCTION

Before the Court is Defendants' Motion for Attorneys' Fees.  (ECF No. 56.)  Under the American Rule, each party to a lawsuit ordinarily bears the cost of its own attorney fees unless a statute or private agreement provides otherwise.  *Carbonell v. INS*, 429 F.3d 894, 897–98 (9th Cir. 2005); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 601 (2001).  Defendants fail to establish that straying from this rule is warranted here.  The Court therefore **DENIES** Defendants' motion for the reasons discussed more fully below.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L. R. 7-15.

## II. BACKGROUND

Certified Coin Exchange ("CCE") operates an online-trading platform for coin dealers and collectors. (Mot 1.) For a monthly fee, approved dealers may list their coin and bullion wants and needs and interact with other coin dealers. (*Id.*) Each member-dealer signs a license agreement with CCE to gain access to the website. (*Id.*) The agreement provides that the license is terminable at will by either party. (*Id.*)

In June 2010, CCE terminated Plaintiffs William Dominick and Westwood Rare Coin Gallery's membership after 35 years of patronage. (SAC ¶¶ 6, 20.)

On June 9, 2010, Plaintiffs filed a state-court action against Defendants for unfair business practices, tortious interference with contractual relations, and negligent interference with prospective economic or business relations. (Mot. 2.) After filing two amended complaints, Plaintiffs voluntarily dismissed the suit. (*Id.* at 3.) The state court awarded Defendants $82,219.50 in attorneys' fees. (*Id.*)

On May 31, 2012, Plaintiffs filed this action in federal court. In their Second Amended Complaint, Plaintiffs asserted nine claims against Defendants: (1) violation of Section 1 of the Sherman Act; (2) violation of Section 2 of the Sherman Act; (3) violation of Section 3 of the Clayton Act; (4) violation of the Lanham Act; (5) unreasonable restraint of trade in violation of the California Cartwright Act, Cal. Bus. & Prof. Code § 16720; (6) unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (7) intentional interference with prospective economic advantage; (8) negligent interference with prospective economic advantage; and (9) breach of contract. (ECF No. 50.)

On December 18, 2012, this Court granted Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice. (ECF No. 55.) The Court found that Plaintiffs had not alleged sufficient facts to support their antitrust claims. (*Id.* at 12.) The Court also found that Plaintiffs lacked standing to bring a Lanham Act claim against Defendant David Hall. (*Id.* at 14.) Having dismissed all federal claims,

the Court then declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims. (*Id.*)

Defendants, as the prevailing parties, now seek to recover their attorneys' fees.

### III. DISCUSSION

In the United States, each party to a lawsuit is ordinarily responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). This default rule may be overcome by statute or by an enforceable contract allocating attorneys' fees. *Travelers Cas. & Sur. Co. of Am. V. Pac. Gas. & Elec. Co.*, 549 U.S. 443, 448 (2007).

Defendants argue that there are three grounds upon which they are entitled to recover all requested attorneys' fees. First, Defendants contend that as the prevailing parties, they can recover their fees under the Clayton Act's fee-shifting provision. Second, they assert that they are entitled to fees under the Lanham Act, which allows for the allocation of fees to the prevailing party in exceptional circumstances. Lastly, Defendants aver that they may recover all fees under the fee-shifting provision of the CCE License Agreement. The Court examines each claim in turn.

**A.     Defendants are not entitled to attorneys' fees under the Clayton Act**

Defendants first contend that they are entitled to attorneys' fees under the Clayton Act. The Clayton Act contains a fee-shifting provision whereby "any person *who shall be injured* . . . by reason of anything forbidden in the antitrust laws may sue . . . and shall recover . . . a reasonable attorneys' fee." 15 U.S.C. § 15(a) (emphasis added). This statute institutes mandatory fee-shifting for the prevailing *plaintiff* in antitrust litigation. *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1136 (9th Cir. 2008).

Defendants claim that the Clayton Act's fee-shifting provision applies equally to both plaintiffs and defendants. In support of this contention, Defendants cite to *Mr. L v. Sloan*, a case addressing the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"). 449 F.3d 405, 407 (2d Cir. 2006). IDEA awards attorneys' fees to "a prevailing party who is the parent of the child with a

disability." *Id.* at 406. In *Mr. L*, the Second Circuit suggested that both prevailing plaintiffs and prevailing defendants who are parents of children with disabilities can recover attorneys' fees under the IDEA. *Id.*

Defendants' citation to *Mr. L* to support their contention that the fee-shifting provision of the Clayton Act should be applied equally to plaintiffs and defendants is grossly misleading. First, *Mr. L* has nothing to do with antitrust litigation. Second, the issue addressed in *Mr. L* was whether a defendant could be considered a "prevailing party" for purposes of a statutory fee-shifting provision. Here, the issue is not whether a defendant can be considered a prevailing *party*, but rather whether a defendant can be considered a prevailing *plaintiff*.

Attorneys' fees may not be awarded to defendants in private anti-trust litigation absent legislative authorization. *Byram Concretanks, Inc. v. Warren Concrete Prods. Co. of N.J.*, 374 F.2d 649, 651 (3d Cir. 1967). And this Circuit's case law is clear that the fee-shifting provision of the Clayton Act should only be applied to prevailing *plaintiffs*. *Twin City Sportservice, Inc. v. Charles O. Finley Co., Inc.*, 676 F.2d 1291, 1312 (9th Cir. 1982); *see Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007). A prevailing defendant is not entitled to attorneys' fees by virtue of successfully resisting an antitrust claim. *Syufy Enters. v. Am. Multicinema, Inc.* 602 F. Supp. 1466, 1468 (N.D. Cal. 1983); *Gillam v. A. Shyman, Inc.* 205 F. Supp 534, 536 (D. Alaska 1962).

Not only is Defendants' citation to *Mr. L* disingenuous, but it also evidences a likely sanctionable lack of candor with the Court. California Rule of Professional Conduct 5-200 requires that California State Bar members present information to a tribunal that is *consistent with truth.* Defendants' awareness of their misrepresentation of the law is underscored both by their failure to cite clear Ninth Circuit authority holding that only prevailing *plaintiffs* are entitled to attorneys' fees under the Clayton Act and by their failure to address Plaintiffs' arguments raising this fact in Defendants' reply brief.

Because the fee-shifting provision of the Clayton Act applies exclusively to prevailing *plaintiffs*, Defendants are certainly not entitled to attorneys' fees under the Clayton Act.

**B.     Defendants are not entitled to attorneys' fees under the Lanham Act**

Defendants additionally claim that they are entitled to attorneys' fees under the Lanham Act, which allows fee awards to the prevailing party in exceptional circumstances. 15 U.S.C. § 1117(a). The Ninth Circuit construes the exceptional-cases requirement narrowly. *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008). Exceptional circumstances exist when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith. *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). This standard applies to prevailing plaintiffs as well as prevailing defendants. *Id.*

Defendants blanketly allege that they are entitled to attorneys' fees because Plaintiffs' Lanham Act claim was groundless, unreasonable, vexatious, "and/or" pursued in bad faith. (Mot. 5.) In support of this contention, Defendants point to the Court's December 18, 2012 Order Granting Defendants Motion to Dismiss the case, which states that Plaintiffs' lacked standing to its Lanham Act against Hall. (*Id.*) At the outset, the Court notes that Defendants make no attempt to analyze or even allude to how the language of that Order supports a finding that this case was exceptional.

Moreover, the mere fact that a motion to dismiss is granted does not suffice to show that the claim was groundless. *Brown v. Elec. Arts*, 722 F. Supp. 2d 1148, 1152 (C.D. Cal. 2010). An action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits. *Secalt S.A. v. Wuxi Shenxi Const. Machinery Co., Ltd.*, 688 F.3d 677, 688 (9th Cir. 2012). Although Plaintiffs did not allege sufficient facts to support standing, the Court did not address (and does not address now) whether there were any facts present that might have led Plaintiffs to *believe* that they had a valid Lanham Act claim. Insufficient facts to establish subject-matter jurisdiction does not automatically coextend to indicate that

there was absolutely no basis for Plaintiffs' *belief* that they could attain success on the merits.

Defendants further claim that the Lanham Act claim was vexatious because it was pursued in a retributive fashion against Defendant Hall. (Mot. 6.) Defendants attempt to bolster this argument by claiming that Plaintiffs were "forum shopping" because they filed an action in state court prior to filing in federal court. (ECF No. 60, at 3.)

Courts have found that claims are vexatious where parties greatly increase the financial and temporal burden of litigating a lawsuit by filing groundless and frivolous motions or claims. *Brown*, 722 F. Supp. 2d at 1154. This is no evidence here suggesting that Plaintiffs could not have reasonably believed they had valid federal claims, so this Court cannot conclude that filing a claim in federal court after filing in state court evidences Plaintiffs' intent to burden the defendant. Additionally, although Plaintiffs did file two amended complaints, the docket contains no extraneous or frivolous motions or filings. Further, any evidence tending to show Plaintiffs' distaste for Defendant Hall is insufficient to establish that the claim was certainly vexatious or retributive. That Plaintiffs are seemingly hostile to the opposing party, or that they had filed an action in state court prior to filing in federal court, is wholly unexceptional.

Finally, the Court notes Defendants' contention that any *one* of the bases they assert for attorneys' fees would suffice to entitle Defendants all of their requested attorneys' fees on all claims. (Mot. 4.) This argument is both unmerited and misleading.

In their motion for attorneys' fees, Defendants cite to *Gracie v. Gracie* to define "exceptional circumstances" under the Lanham Act. (Mot. 4.) But they conveniently fail to disclose that in *Gracie* the Ninth Circuit held that a party should generally *not* recover legal fees incurred in litigating non-Lanham Act claims if the party is otherwise entitled to fees under the Lanham Act. 217 F.3d at 1069 (holding that a

1 party should only recover for both Lanham Act claims and non-Lanham Act claims
2 under the Lanham Act if the claims are so intertwined that it is impossible to
3 differentiate between work done on the claims). The Ninth Circuit directed district
4 courts to attempt to apportion the fees to compensate attorneys only for their fees with
5 respect to the Lanham Act claims. *Id.* at 1070. Thus, Defendants' success on their
6 Lanham Act claim (had exceptional circumstances existed here) would have entitled
7 them *only* to fees fairly attributable to their work on the Lanham Act claim and no
8 more—not all of their fees, as they contend in their motion papers. Defendants have
9 again attempted to mislead the Court by failing to disclose adverse case law.

Because no "exceptional" circumstances exist that would warrant the granting of any attorneys' fees, Defendants are not entitled to any attorneys' fees under the Lanham Act.

## C. Defendants are not entitled to attorneys' fees under the CCE Licensing Agreement

Defendants lastly contend that they are entitled to attorneys' fees under the CCE Licensing Agreement. (Mot. 6.) The agreement contains a fee-shifting provision that states, "In the event of any controversy, claim or dispute between the parties hereto *arising from, under, out of, or relating to this Agreement or breach thereof* . . . [t]he prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expenses and costs." (*Id.* (emphasis added).) In support of their position, Defendants first aver that this fee-shifting provision of the licensing agreement is "broad enough" to cover all claims, including their federal antitrust and Lanham Act claims. (*Id.* at 7.)

An attorneys' fees provision can be phrased broadly enough to support an award of attorneys' fees to the prevailing party in an action alleging both contract and tort claims. *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1997). But this is not the case here. Defendants contend that, "[s]ince the applicable attorneys' fees provision is similarly broad enough, Defendants are entitled to attorneys' fees." Yet the Court is

perplexed by what Defendants contend the Agreement's attorneys' fees provision is "similar" to. Defendants do not compare and contrast the fee-shifting provision applicable here with any other provision that any court has held to be "broad enough." Nor have Defendants provided any evidence, law, or analysis indicating that the fee-shifting provision is broad enough to cover any or all of their claims here.

Moreover, under California law, prevailing defendants may not recover attorneys' fees for successfully defending against antitrust claims, even if a contractual fee-shifting clause may have otherwise allowed for such fees. *See Carver v. Chevron U.S.A., Inc.*, 119 Cal. App. 4th 498, 504 (2004). The California Court of Appeal has held that where a statute contains a unilateral fee-shifting provision for prevailing plaintiffs, courts should not allow contractual fee-shifting for prevailing defendants, as this allowance would override congressional intent. *Id.*

The Third Circuit has also held that attorneys' fees may not be awarded to prevailing defendants in antitrust lawsuits absent express congressional authorization. *Byram Concretanks*, 374 F.2d 649 at 651. In making this determination, the Third Circuit looked to the policy behind the Clayton Act's enactment, and wrote, "The incentive which the prospect of treble damages provides for instituting private antitrust actions would be dampened by the threat of assessment of defendant's attorneys' fees and other costs as a penalty for failure." *Id.* Thus, even if the fee-shifting provision was broad enough to cover the federal claims—and there is no indication that it is—Defendants cannot recover fees for its antitrust claims.

Nor could Defendants have recovered their fees for their Lanham Act claim under the fee-shifting agreement. The argument that the Lanham Act claim arises out of the licensing agreement is tenuous at best, and Defendants do not raise such an argument at all in their brief. Further, as explained above, Congress has specified that a party may not collect fees for successfully defending a Lanham Act claim absent "exceptional circumstances." To allow a contractual fee-shifting provision to override

/ / /

Congress's intent to award fees only in rare circumstances would be a manifest violation of congressional policy.

Lastly, even if the licensing agreement were broad enough to cover the state-law claims, Defendants would still not be entitled to recover their attorneys' fees on these claims. California Code of Civil Procedure § 1717(b)(2) provides that a court may determine that there is no prevailing party on a contract. Here, Defendants' state claims were dismissed solely because the Court declined to exercise jurisdiction over the claims. The Court did not premise dismissal the state claims' merits, but rather, on jurisdictional grounds. The Court is therefore disinclined to deem Defendants the prevailing party for purposes of awarding attorney's fees.

Because there is no prevailing party with respect to the state-law claims, Defendants are not entitled to recover attorneys' fees under the licensing agreement.

## IV. CONCLUSION

While defendants are entitled to seek costs in this matter through a Motion to Tax Costs, they are not entitled to attorneys' fees in this action. Accordingly, Defendants motion is **DENIED.**

Further, Defendants are hereby **ORDERED TO SHOW CAUSE** in writing no later than March 22, 2013, why they should not be sanctioned $500 for their lack of candor to the Court in arguing for attorneys' fees under the Clayton Act where such an award is clearly foreclosed to Defendants by established Ninth Circuit authority.

**IT IS SO ORDERED.**

March 7, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**