**O**

1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9         **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   WILLIAM DOMINICK and<br>12   WESTWOOD RARE COIN GALLERY,<br>INC., <br><br>13              Plaintiffs,<br>14       v.<br>15   COLLECTORS UNIVERSE, INC.;<br>CERTIFIED ASSET EXCHANGE, INC.<br>16   a/k/a CERTIFIED COIN EXCHANGE;<br>DAVID HALL; CASSI EAST; and<br>17   MICHAEL BRANDOW; and DOES 1–10,<br>inclusive,<br>18             Defendants. | Case No. 2:12-cv-04782-ODW(CWx)<br><br>**ORDER SANCTIONING<br>DEFENDANT** |

19

20       In their Motion for Attorneys' Fees, Defendants insisted they were entitled to
21 attorneys' fees under the Clayton Act, 15 U.S.C. § 15(a).  (ECF No. 56-1, at 4.)  But
22 Defendants failed to disclose in their Motion or address in their Reply that controlling
23 Ninth Circuit precedent allows for attorneys' fees awards only for prevailing *plaintiffs*
24 in Clayton Act litigation.  (ECF No. 64, at 3.)  On March 13, 2013, this Court denied
25 Defendants' Motion and additionally ordered Defendants to show cause why they
26 should not be sanctioned for their lack of candor to the Court.  (*Id.* at 9.)
27       In its order, the Court specifically directed Defendants to address their failure to
28 reveal adverse Ninth Circuit authority.  (ECF No. 64, at 9 ("Defendants are hereby

ORDERED TO SHOW CAUSE . . . why they should not be sanctioned $500 for their lack of candor to the Court in arguing for attorneys' fees under the Clayton Act where such an award is clearly foreclosed to Defendants by established Ninth Circuit authority.").)  But Defendants' response to the Court's order does not address why Defendants did not include controlling Ninth Circuit law in their Motion.  Instead, Defendants cite and analyze an unreported Oregon District Court case holding that prevailing defendants may recover attorneys' fees when the anti-trust claim is frivolous.  (ECF No. 65, at 2.)  The Court finds Defendants response unpersuasive and irrelevant.

First, Defendants blatantly ignored the Court's express order to explain why they argued—in the face of clearly applicable Ninth Circuit authority to the contrary—that they were entitled to attorneys' fees as the prevailing *defendant* on a Clayton Act claim.  Second, the unreported Oregon case Defendant cites now *for the first time* is not binding on this Court and, more importantly, is irrelevant to the matter at bar: why Defendants omitted the controlling Ninth Circuit law.  The Court's OSC was not an invitation for Defendants to re-argue their unmeritorious position with new authority it failed to include in its motion.

Defendants have failed to persuade the Court that they should not be sanctioned for their lack of candor.  The Court therefore orders Defendants to pay $500 in sanctions to the Clerk of Court by April 8, 2013.

**IT IS SO ORDERED.**

April 2, 2013

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**